**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:20-cr-00239-JRS-TAB-1 |
| WILLIE BELL, | ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO RECONSIDER DETENTION ORDER**

This matter is before the Court on Defendant, Willie Bell's ("Bell") Motion to Reconsider Detention Order filed pursuant to 18 U.S.C. § 3142(1). (Filing No. 30.) Bell requests that the Court grant him release from detention prior to trial due to the Coronavirus ("COVID-19") pandemic. The Government filed its Response in Opposition on February 3, 2021. (Filing No. 34.) For the following reasons, the Motion is **denied**.

**I. BACKGROUND**

Bell, a 24-year-old male, is presently detained at Grayson County Detention Center in Leitchfield, Kentucky. On September 24, 2020, Bell was charged by Indictment with Count 1: of Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), one count of Possession with Intent to Distribute Methamphetamine, in violation of 21, U.S.C. §§ 841(a)(1), (b)(1)(C), and Count 2: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). (Filing No. 14.) He appeared before the Magistrate Judge via video from the Marion County Jail for a detention hearing on September 18, 2020. The PS3 was admitted without objection. Evidence was proffered and argument presented. The Magistrate Judged granted the Government's oral motion for pretrial detention. (Filing No. 12.)

The Magistrate Judge determined by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community; and, by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Bell's appearance as required. (Filing No. 13 at 2.)  The Court cited as reasons for detention that (1) the weight of the evidence is strong, (2) Bell is subject to a lengthy period of incarceration if convicted, (3) history of violence or use of weapons, (4) history of alcohol or substance abuse, and (5) lack of stable employment. *Id*. at 2-3.  Bell was remanded to the custody of the U.S. Marshal.

Bell requests temporary release to home incarceration because although he states that he is "generally healthy", (Filing No. 30 at 1), he asserts that he has "become less so" and that his "health has continuously declined since his detention, leaving him "anxious, upset, and fearful." (Filing No. 30 at 2.)  He also cites his "inability to get a COVID safe environment" as a basis for his request. *Id*. at 3.  Bell asserts that state charges considered in determining his original detention were dismissed on September 14, 2020, which leave him with no prior criminal history. *Id*. He asks to be released temporarily to home confinement with GPS monitoring, where he could be quarantined to his home.

## II.  ANALYSIS

As an initial matter, the Court determines that a hearing is not necessary.  When a criminal defendant appears before a judicial officer, the judicial officer must order the "pretrial release" of the person, subject to certain conditions, unless "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community."  18 U.S.C. § 3142(b).  The judicial officer "may, by subsequent order, permit the temporary release of the person … to the extent that the judicial

officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).

The Government opposes Bell's Motion arguing that his release under any circumstances represents an unacceptable danger to the community and a substantial risk of nonappearance. It asserts that at the time of his detention hearing, Bell had three pending felony cases for dealing in controlled substances in Marion County, Indiana, two of which were allegedly committed while he was released on bond, the latter of which was related to the instant charge. (Filing No. 34 at 2.) While on bond for the state court cases, Bell acquired four firearms, large amounts of controlled substances to distribute, had over $60,000 cash while unemployed. *Id.* at 7. In addition, evidence was presented at Bell's detention hearing that he confessed to his involvement in a shooting the day prior to his arrest, during which he fired 25 shots at another vehicle. The firearm used in the shooting was recovered from his residence, along with three other firearms, ammunition, marijuana, pills containing methamphetamine, and U.S. currency. (Filing No. 34 at 3-4.) The Government argues that Bell's history reflects an unwillingness to follow rules and a disregard for the welfare of others--characteristics that now have potentially fatal consequences. *Id.* at 7.

At the Court's request, the United States Probation Office has assessed whether any conditions or combination of conditions would ensure the safety of the community if Bell were released due to the COVID-19 pandemic. According to the actuarial tables in the probation Risk Instrument, Bell is a risk Category 4. He has a 6% chance of failing to appear; a 9% chance of obtaining a new criminal arrest; a 15% chance of having a technical violation; and an overall risk of violating release conditions of 29%. he defendant was deemed a Risk Category 4 at the time of his detention hearing. Since then, the pending drug charges have been dismissed. This reduces

his risk score slightly, but Bell remains a Category 4, which indicates that Bell is a moderate risk of flight and/or danger to the community.

It is undisputed that the entire United States—including Indiana and Kentucky—is in the midst of a COVID-19 pandemic. Bell seeks release from detention because of his general fear of the coronavirus. However, Bell's circumstances have not changed to an extent that would warrant his release from detention, and despite the dismissal of state court charges, he remains a risk Category. The general risk that his incarceration poses in him contracting the COVID-19 virus due to his inability to live in a COVID-safe environment does not warrant a temporary release from detention[1]. That general risks would also exists if Bell were on home incarceration.

The resources of the United States Probation Office are presently limited, and the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community; and, by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Bell's appearance as required if Bell is released. Therefore, his Motion is **denied.**

### III.  CONCLUSION

For the reasons set forth above, Bell's Motion Reconsider Detention Order, (Filing No. 30), is **DENIED**. This matter is currently set for trial by jury beginning on May 3, 2021.

**SO ORDERED.**

Date:  2/5/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[1] The Court acknowledges Bell's assertions that he has been made to sleep on the floor and is housed in an overcrowded cell at the Grayson County Jail. Bell's counsel should address these concerns with the Marshal's office for their investigation and determination as to whether Bell should be housed in another facility.

5

DISTRIBUTION:

Belle T. Choate
ATTORNEY AT LAW
choate@iquest.net

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamels.domash@usdoj.gov